IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00088-KDB

| | |
|---|---|
| MICHAEL J. GARVEY,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN G. TATE, Chapter 13 Bankruptcy Trustee,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Michael Garvey's Notice of Appeal from the Bankruptcy Court's dismissal of his Chapter 13 Case No. 22-50024 ("Fifth Bankruptcy Case").[1] The Court has carefully considered this appeal and the parties' briefs and exhibits in support and in opposition. For the reasons discussed below, the Court will deny Plaintiff's appeal and affirm the Bankruptcy Court's dismissal of his case.

## I. LEGAL STANDARD

This Court exercises appellate jurisdiction of an appeal from a final judgment entered by the United States Bankruptcy Court, Western District of North Carolina under 28 U.S.C. § 158(a)(1). The final order dismissing Plaintiff's Chapter 13 Case No. 22-50024 was entered on June 16, 2023. Appellant filed a notice of appeal on June 16, 2023, within the time allowed by Fed. R. Bankr. P. 8002(a)(1).

---

[1] Today, Plaintiff filed a Pro Se Emergency MOTION for Out of Time Stay/Lis Pendens seeking to stay the sale of the real property discussed below. (Doc. No. 9). In light of this Order, which does not and cannot address the relief sought by Plaintiff, this motion will be denied as moot, without prejudice to Plaintiff's right to assert his claim elsewhere.

1

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, on an appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. *See also* 28 U.S.C. § 158(a)(1). This Court reviews a bankruptcy court's ruling on questions of law de novo, while findings of fact are reviewed for clear error. Mixed questions of law and fact are reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003) (citations omitted).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a petition seeking relief under chapter 13 of Title 11 of the Bankruptcy Code on February 11, 2022, in the United States Bankruptcy Court for the Western District of North Carolina, Statesville Division (hereinafter "Bankruptcy Court"), which was assigned case number 22-50024. Since 2016, Plaintiff has filed four previous bankruptcy cases[2] in the Bankruptcy Court and each has been dismissed. As described in more detail in Defendant's brief, Doc. No. 8 at 2-5, the cases were dismissed for various reasons, including failure to pay filing fee installments, failure to file schedules and a plan, failure to show cause and a failure to sell Plaintiff's mortgaged property at 330 Walter Godbey Road in West Jefferson, North Carolina ("the Property") (as contemplated under a modified confirmed plan in his fourth bankruptcy after he was unable to modify his mortgage loan).

Plaintiff's Fifth Bankruptcy Case, which is the subject of this appeal, was filed on February 11, 2022, *pro se*. The Bankruptcy Court entered an Order dated March 2, 2022 allowing the

---

[2] Bankruptcy Case Number 16-50518 was filed on August 26, 2016 and dismissed on October 24, 2016. Bankruptcy Case Number 17-50060 was filed on February 1, 2017 and was dismissed on June 15, 2017. Bankruptcy Case Number 17-50568 was filed on September 8, 2017 and was dismissed on November 7, 2017. Bankruptcy Case Number 18-50455 was filed on July 13, 2018 and was dismissed on June 8, 2020.

2

Debtor/Appellant until April 1, 2022 to file his schedules/plan. A Show Cause Hearing was held on May 6, 2022, and the Bankruptcy Court ruled that the Plaintiff be given until May 15, 2022 to file a plan (Bankruptcy Docket 21). Plaintiff then retained an attorney, Thomas C. Flippin, who filed a plan on May 6, 2022. The plan proposed for Plaintiff to pay $200 for eight months and again to sell the Property, this time within eight months. The Order Confirming Plan was entered on November 9, 2022 (Bankruptcy Docket 54), which included the requirement that Plaintiff sell the residence by January 31, 2023 per the terms of a Consent Order entered into by the Plaintiff and the mortgage company (Bankruptcy Docket 51). On November 17, 2022, Plaintiff filed a Motion to Sell the residence by public sale to the highest bidder (Bankruptcy Docket 56). The Order Granting Motion to Sell was entered on January 6, 2023 (Bankruptcy Docket 62). The sale never happened, and the Trustee filed a Motion to Dismiss for failure to sell the residence (Bankruptcy Docket 67). The Fifth Bankruptcy Case was then dismissed on June 16, 2023, including an order barring Plaintiff from filing another bankruptcy case for one year from the date of the dismissal order (Bankruptcy Docket 74).

### III. DISCUSSION

The Trustee asks this Court to find that the Bankruptcy Court properly exercised its authority in dismissing Plaintiff's Fifth Bankruptcy Case. The Court agrees and will accordingly deny Plaintiff's appeal. 11 U.S.C. § 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court ... may dismiss a case under this chapter ... [if it] is in the best interests of creditors and the estate, for cause." Section 1307(c) enumerates eleven grounds which constitute sufficient cause for the dismissal or conversion of a Chapter 13 case. *See In re Lester*, 409 B.R. 364, 371 (Bankr. W.D. Va. May 4, 2009).

Here, there are two provisions of Section 1307(c) which support the Bankruptcy Court's Order of Dismissal: (1) Section 1307(c)(1) provides a "for cause" dismissal may be premised on an "unreasonable delay by the debtor that is prejudicial to creditors"; and (2) Section 1307(c)(6) provides a "for cause" dismissal may be based on a "material default by the debtor with respect to a term of a confirmed plan."

The Fifth Bankruptcy Case was properly dismissed by the Bankruptcy Court, because the Plaintiff exercised unreasonable delay that is prejudicial to the mortgage creditor in the case. The Fifth Bankruptcy Case was pending for sixteen months, even though the plan proposed to sell the residence within eight months. The mortgage creditor never received any disbursements during the pendency of the Fifth Bankruptcy Case on its mortgage claim, despite the fact that it filed an allowed proof of claim in the case.

Second, even though the Debtor/Appellant filed a Motion to Sell during the Fifth Bankruptcy Case, the Debtor/Appellant did not proceed with any actions to cause such a sale to take place. The Trustee filed his motion to dismiss due to the Plaintiff's failure to sell his residence within a specified period of time, which was a default in a term of his confirmed plan. It appears to be undisputed that no sale was made (indeed, the (irrelevant) grounds for the appeal appear to be that the sale should not take place because the creditor does not have a valid claim); therefore, the Bankruptcy Court did not err in finding that Plaintiff failed to comply with the terms of his confirmed plan.

In sum, the Bankruptcy Court for the Western District of North Carolina has authority to dismiss a bankruptcy case for cause, and the Bankruptcy Court found sufficient cause for dismissing Plaintiff's bankruptcy case, due to his failure to sell the Property. Plaintiff has failed to

establish any error in that dismissal. Thus, the Court must deny Plaintiff's appeal and affirm the Bankruptcy Court's decision.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's appeal of the Bankruptcy Court's dismissal of Chapter 13 Case No. 22-50024 is **DENIED**;

2. The decision of the Bankruptcy Court is **AFFIRMED;**

3. Plaintiff's Pro Se Emergency MOTION for Out of Time Stay/Lis Pendens (Doc. No. 9) is denied as moot without prejudice; and

4. The Clerk is directed to close this appeal in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 21, 2024

Kenneth D. Bell
United States District Judge